# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: BLASEN, WAYNE R. | § Case No. 08-13623 |
| | § |
| | § |
| Debtor(s) | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on May 29, 2008. The undersigned trustee was appointed on May 29, 2008.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $          7,256.50

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 12.59 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1]  $ | 7,243.91 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

6. The deadline for filing claims in this case was 03/12/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,475.65. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $923.27, for a total compensation of $923.27. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/08/2010         By:/s/NORMAN NEWMAN
                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

Case Number: 08-13623  
Case Name: BLASEN, WAYNE R.  
Period Ending: 06/10/10

Trustee: (330560) NORMAN NEWMAN  
Filed (f) or Converted (c): 05/29/08 (f)  
§341(a) Meeting Date: 06/24/08  
Claims Bar Date: 03/12/09

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Checking Account - Harris Bank | 700.00 | 700.00 | | 0.00 | FA |
| 2 | Household Goods and Furnishings | 500.00 | 500.00 | | 0.00 | FA |
| 3 | Books, Pictures, CD's | 150.00 | 150.00 | | 0.00 | FA |
| 4 | Wearing Apparel | 300.00 | 300.00 | | 0.00 | FA |
| 5 | Life Insurance Policy with MetLife - Term Life ( | 0.00 | 0.00 | | 0.00 | FA |
| 6 | Republic Title Company - Holding Amount due to | 20,758.11 | 20,758.11 | | 7,250.00 | FA |
| 7 | Insurance Claim for stolen property - $38,000 to | 19,000.00 | 19,000.00 | OA | 0.00 | 0.00 |
| 8 | 1998 Chrysler Sebring Convertible - Mileage 160, | 1,710.00 | 1,710.00 | | 0.00 | FA |
| 9 | 1995 Dodge Ram Pick Up - Mileage 180,000 - Paid | 513.00 | 513.00 | | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 6.50 | Unknown |
| 10 | Assets    Totals (Excluding unknown values) | $43,631.11 | $43,631.11 | | $7,256.50 | $0.00 |

**Major Activities Affecting Case Closing:**

Abandoned insurance claim. Reviewing claims for objection.

**Initial Projected Date Of Final Report (TFR):** October 31, 2009       **Current Projected Date Of Final Report (TFR):** July 31, 2010

Printed: 06/08/2010 12:27 PM    V.12.08

Case 08-13623   Doc 29   Filed 07/23/10   Entered 07/23/10 12:15:48   Desc Main
Document   Page 4 of 10

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 08-13623 | | Trustee: | NORMAN NEWMAN (330560) |
|---|---|---|---|---|
| Case Name: | BLASEN, WAYNE R. | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***-*****24-65 - Money Market Account |
| Taxpayer ID #: | **-***5637 | | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 06/10/10 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 10/21/08 | {6} | REPUBLIC TITLE COMPANY | Judgment lien against Real Estate | 1129-000 | 7,250.00 | | 7,250.00 |
| 10/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1200% | 1270-000 | 0.21 | | 7,250.21 |
| 11/28/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1000% | 1270-000 | 0.57 | | 7,250.78 |
| 12/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.51 | | 7,251.29 |
| 01/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.29 | | 7,251.58 |
| 02/10/09 | 1001 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/10/2009 FOR CASE #08-13623, Bond #016026455 | 2300-000 | | 6.07 | 7,245.51 |
| 02/27/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.27 | | 7,245.78 |
| 03/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.31 | | 7,246.09 |
| 04/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.29 | | 7,246.38 |
| 05/29/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.28 | | 7,246.66 |
| 06/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.31 | | 7,246.97 |
| 07/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.30 | | 7,247.27 |
| 08/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.30 | | 7,247.57 |
| 09/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.29 | | 7,247.86 |
| 10/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.29 | | 7,248.15 |
| 11/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.30 | | 7,248.45 |
| 12/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.30 | | 7,248.75 |
| 01/29/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.28 | | 7,249.03 |
| 02/19/10 | 1002 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/19/2010 FOR CASE #08-13623, Bond #016026455 | 2300-000 | | 6.52 | 7,242.51 |
| 02/26/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.27 | | 7,242.78 |
| 03/31/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.32 | | 7,243.10 |
| 04/06/10 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.0500% | 1270-000 | 0.04 | | 7,243.14 |
| 04/06/10 | | Wire out to BNYM account 9200******2465 | Wire out to BNYM account 9200******2465 | 9999-000 | -7,243.14 | | 0.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | ACCOUNT TOTALS | | 12.59 | 12.59 | $0.00 |
| | | | Less: Bank Transfers | | -7,243.14 | 0.00 | |
| | | | Subtotal | | 7,255.73 | 12.59 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $7,255.73 | $12.59 | |

{} Asset reference(s)

Printed: 06/08/2010 12:27 PM   V.12.08

Exhibit B

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

| Case Number: | 08-13623 | | Trustee: | NORMAN NEWMAN (330560) |
| --- | --- | --- | --- | --- |
| Case Name: | BLASEN, WAYNE R. | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******24-65 - Money Market Account |
| Taxpayer ID #: | **-***5637 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 06/10/10 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 04/06/10 | | Wire in from JPMorgan Chase Bank, N.A. account ********2465 | Wire in from JPMorgan Chase Bank, N.A. account ********2465 | 9999-000 | 7,243.14 | | 7,243.14 |
| 04/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.34 | | 7,243.48 |
| 05/28/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.43 | | 7,243.91 |
| | | | ACCOUNT TOTALS | | 7,243.91 | 0.00 | $7,243.91 |
| | | | Less: Bank Transfers | | 7,243.14 | 0.00 | |
| | | | Subtotal | | 0.77 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $0.77 | $0.00 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
| --- | --- | --- | --- |
| MMA # ***-*****24-65 | 7,255.73 | 12.59 | 0.00 |
| MMA # 9200-******24-65 | 0.77 | 0.00 | 7,243.91 |
| | $7,256.50 | $12.59 | $7,243.91 |

{} Asset reference(s)  Printed: 06/08/2010 12:27 PM    V.12.08

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 08-13623
Case Name: BLASEN, WAYNE R.
Trustee Name: NORMAN NEWMAN

Claims of secured creditors will be paid as follows:

*Claimant*                              *Proposed Payment*

N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | Norman B. Newman, Trustee | $ 923.27 | $ |
| *Attorney for trustee* | Much Shelist, et.al. | $ 6,251.68 | $ 68.96 |
| *Appraiser* |  | $ | $ |
| *Auctioneer* |  | $ | $ |
| *Accountant* |  | $ | $ |
| *Special Attorney for trustee* |  | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* |  | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*         *Fees*         *Expenses*

**UST Form 101-7-TFR (9/1/2009)**

*Attorney for debtor* _____ $_____ $_____
*Attorney for*        _____ $_____ $_____
*Accountant for*      _____ $_____ $_____
*Appraiser for*       _____ $_____ $_____
Other                 _____ $_____ $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

*Claim Number    Claimant                           Allowed Amt. of Claim    Proposed Payment*
                                  N/A

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 29,318.26 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Chase Bank USA NA | $ 187.84 | $ 0.00 |
| 2 | Roundup Funding, LLC | $ 1,163.72 | $ 0.00 |
| 3U | Midwest Bank & Trust as Trustee of Trust No. 770 | $ 27,966.70 | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

*Claim Number    Claimant                           Allowed Amt. of Claim    Proposed Payment*

**UST Form 101-7-TFR (9/1/2009)**

N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                              Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**

**MUCH SHELIST**

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

February 5, 2010

DIRECT DIAL:
312.521.2492
nnewman@muchshelist.com

**VIA REGULAR MAIL AND E-MAIL**
craig@nigrowestfall.com

Craig Westfall
Nigro Westfall & Gryska, P.C.
1793 Bloomingdale Road
Glendale Heights, IL 60139

Re:   Wayne R. Blasen – Case No 08-13623

Dear Craig:

I am the Chapter 7 Trustee for Wayne R. Blasen. I am enclosing a copy of a proof of claim you filed on behalf of Midwest Bank & Trust as Trustee of Trust No. 770. The claim was filed as secured claim in the amount of $26,763.00 and as a unsecured claim in the amount of $1,203.70. It appears that the basis for your secured claim is the recording of a Memorandum of Judgment with the Cook County Recorder of Deeds. Please be advised that the proceeds that I am holding in the bankruptcy estate did not come from the sale of the Debtor's real estate.

Other than the secured aspect of the claim, I have no objection. I am willing to allow the claim as a general unsecured claim in the amount of $27,966.70. If you agree to having the

Much Shelist Denenberg Ament & Rubenstein, P.C.


INTERNATIONAL ALLIANCE OF LAW FIRMS

**MUCH SHELIST**

Craig Westfall
February 5, 2010
Page 2

claim allowed as a general unsecured claim, please sign a copy of this letter where indicated and return same to me. If I do not hear from you within seven (7) days, I will file an objection to the claim. Thank you for your cooperation.

Very truly yours,

Norman B. Newman

NBN:nas
Enclosure

 

I agree that the claim of Midwest Bank & Trust as Trustee of Trust No. 770 should be allowed as a general unsecured claim in the amount of $27,966.70.

Midwest Bank & Trust as Trustee of Trust No. 770

by: _____
    Its attorney