**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No. 08 B 13623 |
| WAYNE R. BLASEN, | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | |

**FINAL APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period July 7, 2008 through May 25, 2010.  In support of this Application, Much Shelist respectfully states as follows:

1.     On May 29, 2008, Debtor filed a voluntary petition for relief under Chapter 7 of the Code.  The Trustee was subsequently appointed, qualified and continues to serve as trustee herein.

2.     On July 22, 2008, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.

3.     Much Shelist has not requested nor has it received any amounts whatsoever for legal services rendered as attorney for the Trustee in this case.  Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any other person or firm whatsoever with regard to its compensation in this case.

4. Much Shelist respectfully represents that it is entitled to final compensation in the amount of $9,992.00, plus reimbursement of out-of-pocket expenses in the amount of $110.22, for services rendered on behalf of the Trustee during the period of July 7, 2008 through May 25, 2010. Much Shelist recognizes that there are insufficient funds on hand in the bankruptcy estate to pay the full amount of the fees requested.

5. Much Shelist provided 21.40 hours of services to the Trustee during the time period covered by this Application.

6. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 11.40 hrs. | $540.00/hr. | $6,156.00 |
| Colleen E. McManus | 9.20 hrs. | $400.00/hr. | 3,680.00 |
| **Paralegal** | | | |
| Maribeth Robinson | .80 hrs. | $195.00 | $156.00 |
| | | | |
| **TOTAL:** | **21.40 hrs.** | | **$9,992.00** |

7. Attached hereto and made a part hereof as Exhibit "A" is Statement of Services rendered during the period of July 7, 2008 through May 25, 2010. All services were rendered in connection with and in furtherance of assisting Trustee in the performance of his duties as delineated by Section 704 of the Bankruptcy Code. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in In re: Continental Securities Litigation, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

8. Much Shelist has taken care to avoid duplication of services. Certain time entries could have been listed under a different activity, but there is no duplication of time entries.

There were instances when more than one Much Shelist attorney was involved in a particular meeting or telephone conference. In those instances, joint participation was necessary because of the nature of the matter at hand, the continuity of the representation or the expertise of the attorneys involved.

9. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

10. During the time period covered by this application, Much Shelist's attorneys have provided services to the Trustee with respect to the following matters:

A. **General Administration (Tab 1)**: Much Shelist expended 20.70 hours on General Administrative matters. The majority of work in this category dealt with two potential claims of the Debtor. Those claims are as follows:

**Arrow Tru- Line Claim:** Arrow Tru-Line Insurance ("Arrow") obtained a judgment against the Debtor and recorded a lien against his former residence. Through a refinancing transaction, funds in the approximate amount of $21,000.00 were deposited in an escrow account at Republic Title Company ("Republic") pending a settlement of liens against the Debtor's residence. Counsel communicated with Republic, counsel for Republic, Arrow and Debtor's counsel regarding the funds held in the escrow account. Much Shelist attorneys reviewed the refinancing documents and the recorded judgment involved with this claim. Applicant engaged in numerous telephonic and written communications with Arrow and Republic regarding a possible settlement of the refinancing proceeds. Eventually, a settlement was reached and counsel prepared, filed and appeared in Court on Trustee's Motion to Compromise Controversy with Arrow. As a result

3

of the settlement. Arrow received $13,258.00 in full settlement of its claim and the sum of $7,500.00 was received by the Trustee.

**Erie Insurance Claim:** During the administration of Debtor's bankruptcy estate, Trustee learned that Debtor was the victim of stolen property which resulted in a potential claim being filed with Erie Insurance Company ("Erie"). Telephonic and written communication to Erie regarding information about the claim and status thereof. Much Shelist's attorneys reviewed deposition transcripts and other documentation pertaining to the claim. Numerous telephonic and written communications were held with Debtor's counsel seeking additional documentation from Debtor to support the claim. Unfortunately, Erie denied the claim. Time was spent preparing a Motion to Abandon Trustee's Interest in this claim and in attending the court hearing.

The Much Shelist attorneys who provided General Administrative services to the Trustee and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | 10.700 hrs. | $540.00/hr. | 5,778.00 |
| Colleen E. McManus | 9.20 hrs. | $400.00/hr. | 3,680.00 |
| **Paralegal** | | | |
| Maribeth Robinson | .80 hrs. | $195.00 | $156.00 |
| | | | |
| **TOTAL:** | **20.70 hrs.** | | **$9,614.00** |

**B.    Employment of Professionals (Tab 2)**: Much Shelist provided .70 hours preparing pleadings and appearing in Court in connection with the Trustee's employment of attorneys. The individual who provided services in connection with the employment of professionals and the time expended by his is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Norman B. Newman | .70 hrs. | $540.00/hr. | $378.00 |
| | | | |
| **TOTAL:** | **.70 hrs.** | | **$378.00** |

    **C.**    **Fee Related Matters (Tab 3)**: Norman B. Newman expended .80 hours dealing with the preparation of this final fee application.

    11.    During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $110.22. Attached hereto as Exhibit "B" is an itemization of Much Shelist's out-of-pocket expenses. The charge for photocopies is 10¢ per page. Facsimile charges are billed at the rate of $1.00 per page, incoming and outgoing. Much Shelist asserts that these out-of-pocket expenses were reasonable and necessary expenses incurred in its representation of the Trustee.

    **WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

    1.    Granting this Application and awarding Much Shelist final compensation in the amount of $9,992.00, plus reimbursement of out-of-pocket expenses in the amount of $110.22, for services rendered during the period July 7, 2008 through May 25, 2010;

    2.    Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

    3.    Granting such other and further relief as this Court deems just and appropriate.

    **Much Shelist Denenberg Ament & Rubenstein, P.C.**

    By: /s/ Norman B. Newman
        One of Its Attorneys

Norman B. Newman, ARDC No. 02045427
**Much Shelist Denenberg Ament & Rubenstein, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile: 312.521.2100